IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN GREEN, )
      Petitioner, )
       )   C.A. No. 09-60 Erie
      vs. )   District Judge McLaughlin
       )   Magistrate Judge Baxter
PA BOARD OF PROBATION AND )
PAROLE, et al., )
      Respondents. )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


**I.   RECOMMENDATION**

It is respectfully recommended that Respondent's motion to dismiss [Document # 16] be granted and that the instant *Petition for Writ of Habeas Corpus* be dismissed as moot.


**II.   REPORT**

    **A.   Relevant Procedural History**

Petitioner Steven Green, formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, ("SCI-Forest") filed the instant petition for writ of habeas corpus, challenging his continued incarceration after the Pennsylvania Board of Probation and Parole ("PBPP") allegedly granted him parole. As relief, Petition sought his immediate release from incarceration.

On January 12, 2010, the PBPP filed a motion to dismiss as moot [Document # 16], seeking dismissal of the instant Petition because Petitioner died of natural causes on January 7, 2010. For the reasons set forth herein, Petitioner's claim is now moot.


    **B.  Mootness Doctrine**

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v.

Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991).  The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody.  Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977).  The writ supplies the mechanism by which prisoners may challenge the length of their custodial term.  Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).  The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  Lane v. Williams, 455 U.S. 624 (1982).   The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477.  See also Maleng v. Cook, 490 U.S. 488, 491-492 (1989)(habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand.  See Carafas v. LaVallee, 391 U.S. 234

2

(1968); Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001). It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." United States v. Johnson, 529 U.S. 53 (2000). Compare United States v. Cottman, 142 F.3d 160 (3d Cir. 1998).

Here, Petitioner challenged his continued incarceration; however, his unfortunate death has rendered this issue moot. Moreover, Petitioner's death renders moot any issue of whether collateral consequences will occur from the denial of federal habeas relief.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondent's motion to dismiss [Document # 16] be granted and that the instant petition for writ of habeas corpus be dismissed as moot.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 19, 2010

cc:   The Honorable Sean J. McLaughlin
      United States District Judge